MARTHA N. MILLER v. HIGHLAND AVE. L. & B. Co.

JUDGMENT NOT EXCESSIVE BECAUSE NO SUPPLEMENTARY PETITION FILED.

A judgment for the amount due at the date of its rendition, instead of at the date of filing the petition, is not excessive because no supplementary petition was filed, when the petition prays "that an account be taken" and judgment be rendered for the "amounts found due," and no new facts have arisen after the filing of the petition, and all the facts necessary to determine the amount becoming due thereafter are averred therein. A supplementary petition is unnecessary under such circumstances.

ERROR to the court of common pleas of Hamilton county.

Chas. B. Wilby, for plaintiff in error.

Harry R. Weber, for defendant in error.

GIFFEN, J.

The original action in this case was commenced to foreclose two mortgages to the defendant loan and building company, the defeasance clause of each providing that if the mortgagor shall pay or cause to be paid to said company the dues, interest, premium and fines, the mortgage to be null and void.

The petition alleged that there was due on the first mortgage the sum of $1,569.03, and upon the second mortgage the sum of $1,998.70, making a total of $3,567.73. The amount found due upon the mortgage was $4,195. The proceeds of sale on the mortgaged premises amounted to $3,740; after paying the taxes and costs, there remained of the proceeds $3,206, which was applied on the indebtedness, leaving a balance due of $940, for which judgment was rendered against the defendant below, Martha N. Miller.

It is claimed the court erred in rendering this judgment for the reason that it is in excess of the amount claimed to be due in the petition, and that no supplemental petition was filed setting up the additional amount.

It is not contended that the court could not have rendered the personal judgment for the amount claimed to be due under the prayer of the petition, which is as follows:

"Wherefore, plaintiff prays that the equity of redemption of the said defendant in said premises set forth in the first and second causes of action herein be foreclosed, that an account be taken, and that it may have judgment against said defendant, Martha N. Miller, for the amounts found due on its first and second causes of action respectively; that said premises therein described may be sold free of all claim of the defendants herein, and that the proceeds of said sale may be applied to the payment of the amounts due plaintiff, and for such other and further relief as is proper."

But the claim is that there was no foundation in the petition for the judgment rendered. The loan and building company did not ask judgment for the amount due at the time of the filing of the petition, but prayed judgment for such amount as the court found to be due, and if the allegations of the petition authorized the court to find the amount due at the time of filing the petition, the same allegations as to interest, premium and fines, authorized the court to find the amount that had become due subsequent to the filing of the petition. And this is the meaning of the prayer that "an account may be taken," that is, that the court ascertain from the facts stated in the petition the amount due at the time of the rendition of the judgment. It was therefore unnecessary to file a supplementary petition, no new facts had arisen, and every

Miller v. Loan & Building Co.

fact necessary to determine the amount that became due after the filing of the petition was averred. If authority was necessary,, we think the case comes clearly within the case of McHenry v. Building & Loan Co. 9 Circ. Dec. 531 (17 R. 206).

Judgment affirmed.